**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| AMERIFLEET TRANSPORTATION, INC.) | | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO: |
| | ) | |
| AMERIFLEET SERVICES, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff AmeriFleet Transportation, Inc. ("AmeriFleet") hereby sues

Defendant Amerifleet Services, Inc. and alleges as follows:

**JURISDICTION AND VENUE**

1.

This is an action for trademark infringement pursuant to 15 U.S.C. §§ 1114

and 1125(a) and state common law.

2.

This Court has jurisdiction over this dispute under 28 U.S.C. §§ 1331, 1332,

and 1338.  Further, this Court has supplemental jurisdiction over the state law

claim under Article III of the United States Constitution because the claim is so

related to the Federal claims in this action over which this Court has original

jurisdiction that it forms part of the same case or controversy.

1

3.

Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant conducts its business in interstate commerce, including in this District.

**THE PARTIES**

4.

AmeriFleet is a corporation duly organized under the laws of the State of Nevada, with its principal place of business in Alpharetta, Georgia.

5.

AmeriFleet is, in part, engaged in the business of providing professional driveaway and truck carrier transportation services to the corporate fleet and leasing industries throughout the United States, including within this District under the Federally registered trademarks AMERIFLEET and  .

6.

AmeriFleet is the owner of all registered and common law rights associated with the above-referenced marks as used in connection with the promotion, advertisement and distribution of goods in the United States.

7.

Defendant is a corporation with its principal place of business at 1255 Roberson Springs Rd., Louden, Tennessee, 37774 and may be served via its registered agent Ashley K. Allen at 404 Thornton Dr., Lenoir City, TN 37772, or wherever she may be found.

8.

Defendant provides transportation services to several industries using the name Amerifleet to advertise and promote its business services.

9.

Defendant advertises and promotes its business in Georgia using the Amerifleet name.

10.

Defendant uses the Georgia interstate system in order to execute its transportation services.

11.

Defendant is subject to personal jurisdiction of this Court pursuant to Georgia's Long Arm Statute, O.C.G.A. 9-10-91(1) or (2) or (3) for the reason that it does business in and through this state and committed tortious acts or omissions within Georgia and/or committed tortious injuries in Georgia caused by acts or omissions outside Georgia and it regularly does or solicits business, or engages in

any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Georgia.

## FACTUAL ALLEGATIONS

12.

AmeriFleet is the owner of all the rights in and to the following trademarks:

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| AMERIFLEET | 3065954 | March 7, 2006 | IC 039 – Truck Transportation |
|  | 2277532 | September 14, 1999 | IC 039 – Truck Transportation |

which are used in connection with the transportation and delivery of vehicles and good for others across the United States.

13.

Additionally, AmeriFleet is the owner of all common law rights in

the AMERIFLEET and  marks (the above-identified common law and registered marks shall collectively be referred to herein as the "AmeriFleet Marks").

14.

The AmeriFleet Marks have been used in interstate commerce to identify and distinguish AmeriFleet's high quality transportation services for an extended

4

period of time.

15.

The AmeriFleet marks have never been assigned or licensed to Defendant.

16.

The AmeriFleet marks are symbols of AmeriFleet's quality, reputation and goodwill and have never been abandoned.

17.

AmeriFleet has expended substantial time, money and other resources developing, advertising and otherwise promoting the AmeriFleet Marks.

18.

AmeriFleet has extensively used, advertised and promoted the AmeriFleet Marks in the United States in association with the sale of transportation services and has carefully monitored and policed the use of the AmeriFleet Marks.

19.

As a result of AmeriFleet's efforts, members of the consuming public readily identify transportation services being offered under the AmeriFleet Marks as being high quality services and provided by AmeriFleet.

20.

Accordingly, the AmeriFleet Marks have achieved secondary meaning as identifiers of high quality transportation services.

21.

Upon information and belief, at all times relevant hereto, Defendant had full knowledge of AmeriFleet's ownership of the AmeriFleet Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

22.

AmeriFleet has discovered that Defendant is promoting and otherwise advertising, selling and/or offering for sale transportation services using exact copies of and/or confusingly similar imitations of the AmeriFleet Marks (the "Infringing Services").

23.

Specifically, upon information and belief, Defendant is using the AmeriFleet Marks in a manner that is causing injury to AmeriFleet's business reputation and goodwill and unfairly profiting from the presumed affiliation between AmeriFleet and Defendant.

24.

AmeriFleet has demanded that Defendant cease using the AmeriFleet Marks and Defendant has refused to do so.

25.

Defendants advertise their Infringing Services for sale to the consuming

public.  In so advertising its services, Defendant uses the AmeriFleet Marks.

26.

Defendant's use of the AmeriFleet Marks, including the promotion and advertising, sale and offering for sale of its Infringing Services, is without AmeriFleet's consent or authorization.

27.

Further, Defendant is engaged in the above-described infringing, diluting and unfairly competitive activities knowingly and intentionally or with reckless disregard or willful blindness to AmeriFleet's rights for the purpose of trading on the goodwill and reputation of AmeriFleet.

28.

AmeriFleet is the senior user of the AmeriFleet Marks with respect to transportation services.

29.

Defendant's continued use of the AmeriFleet Marks for transportation services has caused or is likely to cause confusion.

30.

AmeriFleet has been damaged by Defendant's actions.

31.

If Defendant's intentional wrongful activities are not preliminarily and

permanently enjoined by this Court, AmeriFleet and the consuming public will
continue to be damaged.

34.

Defendant's unlawful activities are likely to cause confusion, deception and
mistake in the minds of consumers, the public and the trade.

33.

Moreover, Defendant's wrongful conduct is likely to create a false
impression and deceive customers, the public and the trade into believing there is a
connection or association between AmeriFleet's genuine services and Defendant's
Infringing Services.

34.

AmeriFleet has no adequate remedy at law.

35.

AmeriFleet is suffering irreparable injury and damages as a result of the
Defendant's illegal activities.

36.

The injuries and damages sustained by AmeriFleet have been directly and
proximately caused by Defendant's wrongful advertisement, promotion, offering to
sell and sale of their Infringing Services.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
## PURSUANT TO § 32 OF THE LANHAM ACT

37.

AmeriFleet hereby adopts and re-alleges the allegations set forth in the preceding paragraphs.

38.

This is an action for trademark infringement against Defendant based on its promotion, advertisement, sale and/or offering for sale of transportation services using marks which are substantially similar to one or more the AmeriFleet Marks.

39.

Specifically, Defendant is promoting or otherwise advertising, selling, offering for sale transportation services under the AmeriFleet name and with trucks bearing the AmeriFleet name.

40.

In doing so, Defendant is continuously infringing the AmeriFleet Marks by using them to advertise, promote, and sell transportation services under the AmeriFleet name.

41.

Defendant's infringing activities are likely to cause and are probably causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin, quality and affiliation of Defendant's services.

42.

Defendant's actions have caused and are continuing to cause unquantifiable damages to AmeriFleet.

43.

Defendant's above-described actions constitute infringement of the AmeriFleet Marks in violation of AmeriFleet's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

44.

AmeriFleet suffered and will continue to suffer irreparable injury due to the above described activities of Defendant if Defendant is not enjoined.

## COUNT II – FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

45.

 AmeriFleet hereby adopts and re-alleges the allegations set forth in the preceding paragraphs.

46.

Defendant's Infringing Services being sold under the AmeriFleet Marks have been advertised and provided throughout the Southeast.

47.

Defendant's Infringing Services include the provision of transportation services under the Amerifleet name in a manner that is causing injury to

AmeriFleet's business reputation and goodwill and unfairly profiting from the presumed affiliation between AmeriFleet and Defendant.

48.

Accordingly, Defendant's activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Infringing Services.

49.

Defendant uses in connection with the its sale of the Infringing Services, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such services and have caused such services to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the determent of AmeriFleet.

50.

Specifically, Defendant has authorized an infringing use of the AmeriFleet Marks in Defendant's advertisement and promotion of its transportation services.

51.

Defendant has misrepresented to members of the consuming public that the Infringing Services being advertised and sold by them are actual AmeriFleet services.

11

52.

Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.

AmeriFleet has sustained injury and damage caused by Defendant's conduct, and absent an entry of injunction by this Court, AmeriFleet will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

54.

AmeriFleet hereby adopts and re-alleges the allegations set forth in the previous paragraphs.

55.

This is an action for common law trademark infringement against Defendant based on their promotion, advertisement, offering for sale and sale of the Infringing Services in violation of the common law of Georgia.

56.

Specifically, Defendants are promoting and otherwise advertising, offering for sale, and selling infringing services under the AmeriFleet name.

57.

Defendant's infringing activities are likely to cause and are probably causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's services.

58.

AmeriFleet has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendant's actions.

59.

AmeriFleet has sustained injury and damage caused by Defendant's conduct and absent an entry of an injunction by this Court, AmeriFleet will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, AmeriFleet requests a judgment against Defendant as follows:

(a)     Entry of a preliminary and permanent injunction enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from advertising or promoting, selling or offering to sell the Infringing Services, from infringing or diluting the AmeriFleet Marks; from using the AmeriFleet Marks, or any mark or trade dress similar thereto, in

13

connection with the sale of any unauthorized services; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with AmeriFleet; from falsely representing itself as being connected with AmeriFleet, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant, are in any endorsed by, approved by, and/or associated with AmeriFleet; from using any copy or colorable imitation of the AmeriFleet Marks in connection with the publicity, promotion, sale or advertising of any goods sold by Defendant, including, without limitation, truck transportation or delivery services and services for the delivery of vehicles and goods for others; from affixing, applying, annexing or using in connection with the sale of any services, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's services as being those of AmeriFleet, or in any way endorsed by AmeriFleet and from offering such goods in commerce; and from otherwise unfairly competing with AmeriFleet.

(b)     Entry of an Order requiring Defendant to account to and pay AmeriFleet for all profits and damages resulting from Defendant's trademark

infringement and unfairly competitive activities.

(c)     Entry of an Order awarding AmeriFleet profits and damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' dilution of the AmeriFleet Marks.

(d)     Entry of an order requiring Defendants to deliver to AmeriFleet for destruction all packaging, emblems and/or promotional materials bearing the AmeriFleet Marks, or any other mark substantially indistinguishable from those marks.

(e)     Entry of an award of AmeriFleet's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

(f)     Entry of an award of prejudgment interest on the judgment amount.

(g)     For a trial by jury on all issues so triable.

(h)     For any such further relief as this Court may deem just, proper and equitable under circumstances.

Respectfully submitted this 12th day of June, 2015.

BERMAN FINK VAN HORN, P.C.

By:   */s/ Benjamin I. Fink*
        Benjamin I. Fink
        Georgia Bar No.  261090
        Lea C. Dearing
        Georgia Bar No.  922882

3475 Piedmont Road, N.E.
Suite 1100
Telephone:  (404) 261-7711
Facsimile:   (404) 233-1943
bfink@bfvlaw.com
ldearing@bfvlaw.com

## <u>FONT CERTIFICATE</u>

Pursuant to Local Rule 7.1(D), this is to certify that the foregoing pleading was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1.

This 12th day of June, 2015.

BERMAN FINK VAN HORN, P.C.


By:    */s/ Benjamin I. Fink*
           Benjamin I. Fink
           Georgia Bar No. 261090